**KG MARINE, LLC, Plaintiff,**

v.

**VICEM YAT SANAYI VE TICARET AS, Vicem Yachts USA LLC, Vicem Yachts, INC., and Sebahattin Hafizoglu, an individual, Defendants.**

No. 14–CV–6210 EAW.

United States District Court, W.D. New York.

Signed June 6, 2014.

William R. Heitz, The Heitz Law Firm, Fairport, NY, for Plaintiff.

## DECISION AND ORDER

ELIZABETH A. WOLFORD, District Judge.

Plaintiff KG Marine, LLC ("Plaintiff") brings this action against VICEM Yat Sanayi ve Ticaret AS, Vicem Yachts USA LLC, Vicem Yachts, Inc., and Sebahattin Hafizoglu, alleging breach of contract, breach of warranty, and fraud. (Dkt. 1). Defendants VICEM Yat Sanayi ve Ticaret AS ("Vicem") and Sebahattin Hafizoglu ("Hafizoglu") allegedly reside in the country of Turkey. (Dkt. 1).

Plaintiff filed its complaint on April 29, 2014. (*Id.*). Presently before the Court is Plaintiff's motion requesting permission to serve Defendants Vicem and Hafizoglu by alternate means pursuant to Fed.R.Civ.P. 4(f)(3). (Dkt. 3). For the reasons set forth below, Plaintiff's motion is denied without prejudice.

## DISCUSSION

Fed.R.Civ.P. 4(f) addresses serving an individual in a foreign county. Fed. R.Civ.P. 4(f) provides three means by which service on an individual abroad may be accomplished.[1] Pursuant to Fed.

---

1. Fed.R.Civ.P. 4(f) also governs serving a corporation in a foreign country. *See* Fed. R.Civ.P. 4(h)(2) ("[A] domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served ... at a place not within any judicial district of the United States, in any manner prescribed by

R.Civ.P. 4(f), an individual may be served at a place outside the United States:

(1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;

(2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:

(A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;

(B) as the foreign authority directs in response to a letter rogatory or letter of request; or

(C) unless prohibited by the foreign country's law, by:

(i) delivering a copy of the summons and of the complaint to the individual personally; or

(ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or

(3) *by other means* not prohibited by international agreement, *as the court orders.*

Fed.R.Civ.P. 4(f) (emphasis added). The Court recognizes that there is " ' no hierarchy among the subsections in Rule 4(f),' and that Rule 4(f)(3) 'stands independently, on equal footing' with Rule 4(f)(1)." *Zhang v. Baidu.com Inc.*, 293 F.R.D. 508, 511 (S.D.N.Y.2013) (citing *Advanced Aerofoil Techs., AG v. Todaro*, No. 11 Civ. 9505(ALC)(DCF), 2012 WL 299959, at *1, 2012 U.S. Dist. LEXIS 12383, at *3 (S.D.N.Y. Jan. 31, 2012); *Rio Props., Inc.*

*v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir.2002)).

■ However, "before authorizing service pursuant to Rule 4(f)(3), some district courts have required '(1) a showing that the plaintiff has reasonably attempted to effectuate service on the defendant, and (2) a showing that the circumstances are such that the court's intervention is necessary.'" *In re GLG Life Tech Corp. Sec. Litig.*, 287 F.R.D. 262, 265–66 (S.D.N.Y. 2012) (quoting *United States v. Lebanese Canadian Bank SAL*, 285 F.R.D. 262, 267 (S.D.N.Y.2012)). *See also Cold Spring Constr. Co. v. Spikes*, No. 11–CV–700S, 2012 WL 41967, at *2, 2012 U.S. Dist. LEXIS 2357, at *5 (W.D.N.Y. Jan. 9, 2012) ("The court may … impose a threshold requirement for the plaintiff to show reasonable attempts to effectuate service such that [a] court order is necessary."); *Ryan v. Brunswick Corp.*, No. 02–CV–0133E(F), 2002 WL 1628933, at *2, 2002 U.S. Dist. LEXIS 13837, at *7–8 (W.D.N.Y. May 31, 2002) ("district courts may, in exercising the discretionary power permitted by FRCvP 4(f)(3), impose a threshold requirement for parties to meet before seeking the court's assistance. Accordingly, although a party need not exhaust all possible methods of service this Court will require parties seeking relief under FRCvP 4(f)(3) to show that they have reasonably attempted to effectuate service on the defendant(s) and that the circumstances are such that the district court's intervention is necessary to obviate the need to undertake methods of service that are unduly burdensome or that are untried but likely futile."). For example, where a defendant resides in a country that is a signatory to the Hague Service Convention, courts may require the plaintiff to attempt service un-

---

Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i).'"). There-

fore, Plaintiff's citation to Fed.R.Civ.P. 4(f)(3) for service of Defendant Vicem is proper.

der the Hague Convention before seeking court-ordered service pursuant to Fed. R.Civ.P. 4(f)(3). *See In re GLG Life Tech Corp. Sec. Litig.*, 287 F.R.D. at 266. "[A] formal effort to serve [a] defendant through the Hague Convention will ensure that [the] defendant has actual notice of the suit...." *Devi v. Rajapaska*, No. 11 Civ. 6634(NRB), 2012 WL 309605, at *2, 2012 U.S. Dist. LEXIS 12382, at *4 (S.D.N.Y. Jan. 31, 2012). "This threshold requirement, although not expressly provided by FRCvP 4(f)(3), is necessary in order to prevent parties from whimsically seeking alternate means of service and thereby increasing the workload of the courts." *Ryan*, 2002 WL 1628933, at *2, 2002 U.S. Dist. LEXIS 13837, at *8.

Here, Plaintiff concedes that it may serve process on Vicem and Hafizoglu pursuant to Fed.R.Civ.P. 4(f)(1), under the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents. (Dkt. 3–2 at 2). Indeed, Turkey is a signatory to the Hague Service Convention. *See* Status Table, Members of the Organisation, Hague Conference on Private International Law, http://www.hcch.net/index—en.php?act=conventions.status&cid=17 (last visited June 6, 2014). Plaintiff does not offer any reason explaining why it is in need of alternate means to effectuate service on Defendants Vicem and Hafizoglu, other than that the cost of service under Fed.R.Civ.P. 4(f)(1) pursuant to the Hague Convention "is very costly and time consuming." (Dkt. 3–2 at 2). Plaintiff does not state that it has attempted to serve Vicem and Hafizoglu by any of the methods described in Fed.R.Civ.P. 4(f)(1) or (f)(2), nor does Plaintiff raise any reason why it would be unsuccessful at effectuating service pursuant to either of those provisions.

Plaintiff has not demonstrated that it made a reasonable attempt to serve Vicem and Hafizoglu without a court order, or that this Court's intervention is necessary to effectuate service under the circumstances of this case. Accordingly, Plaintiff's motion requesting the Court's permission to serve Defendants Vicem and Hafizoglu by alternate means pursuant to Fed.R.Civ.P. 4(f)(3) is denied without prejudice. Plaintiff may re-file its motion once it has made a reasonable attempt to effectuate service without court intervention under Fed.R.Civ.P. 4(f)(1) or (f)(2).

### *CONCLUSION*

For the foregoing reasons, Plaintiff's motion requesting the Court's permission to serve Defendants Vicem and Hafizoglu by alternate means is denied without prejudice.

SO ORDERED.